UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                                         :

JOHN DOE ET AL.                            :

                                                        :          3:11 CV 1581 (JBA)

v.                                                :

                                                        :

DARIEN BOARD OF EDUCATION ET AL.   :          SEPTEMBER 14, 2012

                                                        :
---------------------------------------------------------x

RULING ON TOO MANY PENDING DISCOVERY MOTIONS

On October 14, 2011, plaintiffs John Doe and his parents, Mr. and Mrs. Robert Doe, commenced this action against the Darien Board of Education and ten of its employees, the Town of Darien [collectively "the Darien Defendants"], Ingrid Aarons, Program Manager of the Norwalk Office of the Department of Children and Families ["DCF"], and Joette Katz, Commissioner of DCF [collectively "the DCF Defendants"], arising out of alleged sexual abuse during the 2009-10 school year while plaintiff John Doe attended Tokeneke Elementary School, and alleged physical abuse and retaliation during the 2010-11 school year while John Doe was attending Middlesex Middle School. (Dkt. #1; see also Dkts. ##2-4). Plaintiffs filed their First Amended Complaint on December 28, 2011, followed by a Second Amended Complaint filed on September 7, 2012. (Dkts. ##28, 128; see also Dkts. ##24-25, 48, 55-56, 124).

On October 14, 2011, U.S. District Judge Janet Bond Arterton filed a Standing Protective Order. (Dkt. #7). Under the present Scheduling Order, filed May 31, 2012 (Dkt. #84), all discovery is to be completed by May 30, 2013, and a pre-filing conference must be held before U.S. District Judge Janet Bond Arterton with respect to all dispositive motions by June 28, 2013. (See also Dkts. ##36, 81). On May 17, 2012, Judge Arterton referred this

file to this Magistrate Judge for all discovery matters.  (Dkt. #80).

There are now an <u>unprecedented</u> eleven discovery motions pending before this Magistrate Judge, ten of which are now ripe for decision.[1]  As discussed in more detail below, many of these motions were simply unnecessary, and counsel have made the discovery process far more complicated that it needs to be.  In chronological order, the ten motions are as follows:

First, on June 22, 2012, plaintiffs filed their Motion to Compel Discovery (Dkt. #86),[2] directed to the DCF Defendants, as which the DCF Defendants filed their brief in opposition on July 3, 2012 (Dkt. #88),[3] and plaintiffs filed their reply brief nine days later, on July 12, 2012 (Dkt. #90).

Second, third, and fourth, on July 19, 2012, the DCF Defendants filed their Motions to Compel Discovery (Dkts. ##92-93),[4] followed the next day by their Motion to Seal Motion

---

[1] Familiarity is presumed with this Magistrate Judge's Ruling on Plaintiff's Motion for Order and Protective Order Relating to Discovery, filed May 30, 2012 (Dkt. #83), with this Magistrate Judge's Ruling Following <u>In Camera</u> Review, filed June 20, 2012 (Dkt. #85)["June 2012 Ruling"] and Supplemental Ruling Following <u>In Camera</u> Review, filed July 10, 2012 (Dkt. #89)["July 2012 Ruling"], as to which plaintiffs have filed an Objection that is pending before Judge Arterton. (Dkts. ##87, 91, 95).

Also pending before this Magistrate Judge is plaintiffs' Motion to Compel, just filed on September 5, 2012 (Dkt. #121), the briefing for which obviously has not been completed yet.

Three dispositive motions are pending before Judge Arterton – defendants Aarons and Katz's Motions to Dismiss, filed January 12, 2012 (Dkts. ##33-34), and defendant Darien Board of Education's Motion to Dismiss, filed March 14, 2012 (Dkt. #57) – oral argument for which was held before Judge Arterton on September 7, 2012 (Dkt. #129; <u>see also</u> Dkts. ##32, 43-46, 50-54, 60-64, 71, 73-74, 107-08, 112, 118-19).

[2] Attached is a copy of the DCF Defendants' Response to Plaintiffs' Interrogatories and Requests for Production, dated April 25, 2012.

[3] Attached as Exh. A is an affidavit from Mark R. Feller, sworn to June 28, 2012 ["Feller Aff't"].

[4] Two exhibits are attached: copy of Plaintiffs' Objections and Responses to Defendants' First Set of Interrogatories and Request for Production, dated June 22, 2012 (Exh. A); and affidavit

to Compel and Attachments (Dkt. #94), as to the last motion plaintiffs do not object. Plaintiffs filed their brief in opposition to the two other motions on August 28, 2012 (Dkt. #120[5]; see also Dkts. ##105-06, 114-15, 117).

Fifth, on July 20, 2012, plaintiffs filed their Motion to Extend the Deadlines Established by the Scheduling Order (Dkt. #96), as to which the DCF Defendants and the Darien Defendants do not object.

Sixth and seventh, on July 24, 2012, the DCF Defendants filed their Motions to Stay Discovery (Dkts. ##97-98),[6] as to which plaintiffs filed their brief in opposition two days later, on July 26, 2012 (Dkt. #99) and the Darien Defendants filed a brief in support (Dkt. #102).

Eighth, on July 27, 2012, plaintiffs filed their Motion to Compel (Dkt. #100),[7] as to which the DCF Defendants filed their brief in opposition on August 3, 2012 (Dkt. #101).

Ninth, on August 6, 2012, the Darien Defendants filed their Motion to Quash (Dkt.

---

of defense counsel, sworn to July 19, 2012 (Exh. B).

[5]Attached is another copy of Plaintiffs' Objections and Responses to Defendants' First Set of Interrogatories and Request for Production, dated June 22, 2012.

[6]Attached is a copy of an unpublished decision.

[7]The following nineteen exhibits are attached: copies of Notices of Deposition, dated either March 1 or April 9, 2012, directed to the Child Guidance Center, Carol Smith-Harker, the Darien Police Department, and Detective Chester Perkowsky (Exh. A); copies of Notices of Deposition, all dated June 27, 2012, directed to defendant Aarons, Division of Criminal Justice of the State of Connecticut, Dina Urso, State Attorney' Office, Kathy Schultz, Assistant Principal of Tokeneke Elementary School, Sue Atkinson, Laura Conte, defendant Mary Lee Fisher, defendant Carleen Wood, defendant Zachary Hasak, defendant Nicole Ruospo, defendant Melissa Bellino, defendant John Woodring, defendant Robin Pavia, and defendant Stephen Falcone (Exh. B); copies of letters between counsel, dated June 27, 2012, with subpoenas attached (Exh. C); copies of e-mail correspondence between counsel, dated July 2, 5, 9, 12, 13, 16-19, 23, 24, and 26, 2012 (Exhs. D-H, J-N, P-R); copy of correspondence between counsel, dated July 16 and 20, 2012 (Exhs. I & P); copy of Renotice of Deposition, dated July 19, 2012 directed to Kathy Schultz, Assistant Principal (Exh. O); and copy of statement of plaintiff's counsel, dated July 27, 2012 (Exh. S).

#103),[8] as to which plaintiffs filed their brief in opposition one week later, on August 13, 2012 (Dkt. #110).[9]

And tenth, that same day, the Darien Defendants also filed their Motion for Protective Order (Dkt. #104), as to which plaintiffs also filed their brief in opposition one week later, on August 13, 2012 (Dkt. #111).[10]

For the reasons stated below, plaintiffs' Motion to Compel Discovery (Dkt. #86) is denied; the DCF Defendants' Motions to Compel Discovery (Dkts. ##92-93) are granted in large part; the DCF Defendants' Motion to Seal Motion to Compel and Attachments (Dkt. #94) is granted; plaintiffs' Motion to Extend the Deadlines Established by the Scheduling Order (Dkt. #96) is granted; the DCF Defendants' Motions to Stay Discovery are granted in part and denied in part (Dkts. ##97-98); plaintiffs' Motion to Compel (Dkt. #100) is granted in part; the Darien Defendants' Motion to Quash (Dkt. #103) is granted in part; and the Darien Defendants' Motion for Protective Order (Dkt. #104) is granted in part.

## I. DISCUSSION

### A. PLAINTIFFS' MOTION TO COMPEL DISCOVERY (DKT. #86)

This motion concerns a seven-page memorandum prepared by Tina Pedreria, a paralegal working under the direction of Attorney Mark Feller, in-house counsel for the DCF

---

[8] Attached as App. A is a copy of the Subpoena to Testify at a Deposition in a Civil Action, dated July 23, 2012, directed to Kathy Schultz, Assistant Principal, and another copy of the Renotice of Deposition for Schutz, dated July 19, 2012.

[9] The following six exhibits are attached: another copy of the Notice of Deposition, dated June 27, 2012, directed to Kathy Schultz, Assistant Principal (Exh. A); additional copies of e-mail correspondence between counsel, dated July 17, 18-19, 24, and 26, 2012 (Exhs. B, D-F ); and yet another copy of the Renotice of Deposition, dated July 19, 2012, directed to Kathy Schultz, Assistant Principal, with subpoena (Exh. C).

[10] Attached as Exhs. A-B are additional copies of e-mail correspondence between counsel, dated July 24 and 26, 2012.

4

Defendants, which memorandum already was reviewed in camera by this Magistrate Judge and found to be protected by the attorney-client privilege. (June 2012 Ruling at 3; July 2012 Ruling at 2). See also Ceglia v. Zuckerberg, No. 10-CV-569, 2012 WL 3527935, at *2 (W.D.N.Y. Aug. 15, 2012)("Attorney-client privilege may extend to include communications made by or to an attorney's employees, including secretaries, legal assistants, and paralegals."), citing U.S. v. Kovel, 296 F.3d 918, 921 (2d Cir. 1961); Feller Aff't, ¶¶ 2-6).

Accordingly, plaintiffs' Motion to Compel Discovery (Dkt. #86) is denied.

### B. DCF DEFENDANTS' MOTION TO SEAL MOTION TO COMPEL AND ATTACHMENTS (DKT. #94)

The DCF Defendants' Motion to Seal Motion to Compel and Attachments (Dkt. #94) is granted, absent objection.

### C. DCF DEFENDANTS' MOTIONS TO COMPEL DISCOVERY (DKTS. ##92-93)

At issue here are plaintiffs' objections to sixteen discovery requests in Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories and Requests for Production, dated June 22, 2012, specifically Interrogatories Nos. 4, 5, 8, 9, 10, 11, 12, 14, 15 and 16, and Requests for Production Nos. 1, 3, 4, 6, 8 and 9. (Dkts. ##92-93, at 2, Brief at 2, 3-8 & Exh. A; Dkt. #120, at 3-7, 10-21, 23-29).

As plaintiffs' counsel appropriately argues, Interrogatories Nos. 4, 5, 8 and 9 (and the responding Request for Production) are "contention interrogatories" that need not be answered until discovery is nearing its close; as set forth in Section I.D. infra, discovery will be completed in this case by September 20, 2013, so that plaintiffs need not respond to Interrogatories Nos. 4, 5, 8 and 9, and Request for Production No. 3 until **on or before**

**June 3, 2013**.[11]

Similarly, as plaintiffs' counsel appropriately argues, plaintiffs' damages analysis is not due until April 1, 2013, as now set forth in Section I.D. infra, so that plaintiffs need not respond to Interrogatories Nos. 10, 11, 12 and 16, and Requests for Production No. 4 until **on or before April 1, 2013**.[12]

With respect to Interrogatories Nos. 14 and 15, the DCF Defendants argued that the mental health information is sought "[t]o the extent that . . . plaintiffs are claiming damages based upon emotional harm or distress of the parents caused by defendants' alleged conduct . . . " (emphasis added), so that such information would be required only from 2009 to the present.  Plaintiffs shall respond **on or before October 12, 2012**.

Contrary to plaintiffs' arguments, the DCF Defendants are entitled to production of all non-privileged documents sought in Requests for Production No. 1, as well as any documents responsive to Nos. 6, 8 and 9 that are in plaintiffs' possession; if the volume of documents responsive to Nos. 8 and 9 are as voluminous as plaintiffs contends (Dkt. #120, at 27-29), appropriate arrangements can be made to spare all parties the time and energy required to respond.  Plaintiffs shall comply **on or before October 26, 2012**.

---

[11]In their brief in opposition, plaintiffs erroneously assert, however, that "there is no protective order in place that protects [p]laintiffs from yet another public disclosure by the DCF [D]efendants of any documents and data disclosed to DCF that contains personally identifying information about . . . [p]laintiffs." (Dkt. #120, at 5, 6, 7, 13, 15-16).  To the contrary, a Standing Protective Order was filed by Judge Arterton on the same day that this action was commenced (Dkt. #7).  To the extent that plaintiffs' counsel reasonably believes that this Standing Protective Order is insufficient, he is free to file a Motion for Supplemental Protective Order, after consulting with both counsel in an attempt to craft an appropriate supplement.

Plaintiffs' counsel further addresses Interrogatories Nos. 6 and 7 in his brief, but such interrogatories are not at issue in these pending motions.  (Dkt. #120, at 8-10).

[12]Plaintiffs' counsel also addresses Interrogatory No. 13 in his brief, but such interrogatory is not at issue in these pending motions.  (Dkt. #120, at 21-22).

Accordingly, the DCF Defendants' Motions to Compel Discovery (Dkts. ##92-93) <u>are granted to the extent set forth above</u>.

### D. PLAINTIFFS' MOTION TO EXTEND THE DEADLINES ESTABLISHED BY THE SCHEDULING ORDER (DKT. #96)

In this motion, both defense counsel agreed to a three-month extension of the discovery deadlines. (Dkt. #96, at 4). Two months already have passed since this motion was filed, due to the barrage of inter-related discovery motions that were filed in a three-month period, one motion of which has not been fully briefed yet. Due to the evaporation of two months, the deadlines are now extended as follows, bearing in mind that many of the individuals to be deposed are in the education field, so that depositions will be held in the summer months to the greatest extent possible:

1. The parties' damages analysis must be served on opposing counsel **on or before April 1, 2013**;

2. Plaintiffs' expert reports must be disclosed **on or before May 1, 2013**;

3. Defendants' expert reports must be disclosed **on or before June 14, 2013**;

4. All depositions must be completed **on or before August 30, 2013**;

5. All discovery is to be completed **on or before September 20, 2013**; and

6. A prefiling conference will be held before Judge Arterton **by no later than October 2013** to discuss the filing of dispositive motions.

### E. DCF DEFENDANTS' MOTIONS TO STAY DISCOVERY (DKTS. ##97-98)

In these motions, the DCF Defendants, as well as the Darien Defendants, seek a stay of discovery until a ruling has been issued on their Motions to Dismiss (Dkts. ##97-98, at 1-2, Brief at 2-5; Dkt. #102, at 1-2, 3-8), to which plaintiffs object (Dkt. #99, at 3-9). As previously observed, due to the avalanche of pending discovery motions filed in this case in

a three-month period, the myriad depositions noticed by plaintiffs were not held, and Judge Arterton recently held oral argument on the pending dispositive motions earlier this month. (Dkt. #129).  Therefore, the DCF Defendants' Motions to Stay Discovery (Dkts. ##97-98) <u>are granted in part in that discovery effectively has been stayed, and will continue to be stayed until October 5, 2012; if, however, Judge Arterton does not issue her rulings as of October 5, 2012, then plaintiffs may file a motion to terminate the stay</u>.

      F.  <u>PLAINTIFFS' MOTION TO COMPEL (DKT. #100)</u>

In this motion, plaintiffs seek to compel the completion of multiple depositions they first had noticed on March 1, 2012 for depositions to be held on March 20, and then renoticed on March 22 and April 9 for depositions to be held on May 17 or July 25, and again on June 27, for the period July 18 through August 10, 2012; scheduling difficulties arose immediately thereafter, due, in some part, to the Motions to Stay Discovery (Dkts. ##98-99) addressed in Section I.E <u>supra</u>.  (Dkt. #100, at 1-10, Brief at 1-13, and Exhs. A-R).[13] The DCF Defendants objected on the basis of their pending Motions to Dismiss and Motions to Stay Discovery, as well as the failure of plaintiffs' counsel to consult with them first to coordinate these depositions.  (Dkt. #101, at 1-2).

In light of the conclusions reached in Sections I.D & I.E. <u>supra</u>, plaintiffs' Motion to Compel (Dkt. #100) is <u>granted to the extent that the depositions will be held, but not without plaintiffs' counsel first attempting to coordinate the scheduling thereof with defense counsel, for dates after October 9, 2012</u>.[14]

---

[13] Four depositions were held on May 17, 2012, two witnesses from the non-party Darien Police Department and two witnesses from the non-party Child Guidance Center of Southeastern Connecticut, Inc.  (Dkt. #100, at 2-3, Brief at 2-3).

[14] This conclusion is also <u>without prejudice to defendants filing appropriate motions if Judge Arterton's decisions significantly alter the scope of plaintiffs' claims</u>.

G.  DARIEN DEFENDANTS' MOTION TO QUASH (DKT. #103)

In this motion, the Darien Defendants move to quash the subpoena directed to Kathy Schultz, the Assistant Principal of Tokeneke Elementary School, for August 3, 2012, in light of the pending Motions to Stay Discovery, to which plaintiffs object.  (Dkt. #103, at 1-3 & App. A; Dkt. #110, at 1-9 & Exhs. A-F).

Consistent with the conclusions reached in Sections I.D through I.F. supra, the Darien Defendants' Motion to Quash (Dkt. #103) is granted with respect to the August 3, 2012 deposition and may be rescheduled, consistent with the guidelines set forth in Section I.F. supra.

H.  DARIEN DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DKT. #104)

In this motion, the Darien Defendant move for a protective order with respect to the remaining depositions of defendants, in light of the pending Motions to Stay Discovery (Dkt. #104, at 1-3), to which plaintiffs object.  (Dkt. #111, at 1-8 & Exhs. A-B).

Consistent with the conclusions reached in Sections I.D. through I.G supra, the Darien Defendants' Motion for Protective Order (Dkt. #104) is granted with respect to the August depositions and may be rescheduled, consistent with the guidelines set forth in Section I.F. supra.

II. CONCLUSION

For the reasons stated above, plaintiffs' Motion to Compel Discovery (Dkt. #86) is denied;

the DCF Defendants' Motions to Compel Discovery (Dkts. ##92-93) are granted in large part to the extent set forth in Section I.C supra;

the DCF Defendants' Motion to Seal Motion to Compel and Attachments (Dkt. #94)

is granted;

plaintiffs' Motion to Extend the Deadlines Established by the Scheduling Order (Dkt. #96) is granted to the extent set forth in Section I.D. supra;

the DCF Defendants' Motions to Stay Discovery are granted in part and denied in part (Dkts. ##97-98) to the extent set forth in Section I.E. supra;

plaintiffs' Motion to Compel (Dkt. #100) is granted in part to the extent set forth in Section I.F. supra;

the Darien Defendants' Motion to Quash (Dkt. #103) is granted in part to the extent set forth in Section I.G. supra; and

the Darien Defendants' Motion for Protective Order (Dkt. #104) is granted in part to the extent set forth in Section I.H. supra.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**[15]

---

[15]Suffice it to say, this case has not been a template of how discovery ought to be conducted in federal court. There have been too many discovery motions filed in a relatively short period of time, most of the motions were useless, repetitive, and unnecessary, and all of this turmoil easily could have been avoided if counsel simply spoke with one another, an unfortunately

Dated at New Haven, Connecticut, this 14th day of September, 2012.

    /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

novel form of communication these days.

    Section I.D supra has extended the discovery deadline until September 20, 2013, another year from now.  If counsel do not succeed in improving their communication skills and in cooperating with one another in discovery, but instead impulsively resort to filing another onslaught of discovery motions, the Magistrate Judge will not hesitate to appoint a Special Master to oversee discovery, **at the parties' expense**.  This federal court is too overburdened to devote a disproportionate share of time to supervising discovery in one case.

    As offered before, if counsel believe that a settlement conference before this Magistrate Judge would be productive, they should contact Chambers accordingly.