UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
JOHN DOE ET AL.                                          :
                                                :   3:11 CV 1581 (JBA)
v.                                                       :
:
DARIEN BOARD OF EDUCATION ET AL.   :   NOVEMBER 19, 2012
:
---------------------------------------------------------x

RULING ON PLAINTIFF'S MOTION TO COMPEL

On October 14, 2011, plaintiffs John Doe and his parents, Mr. and Mrs. Robert Doe, commenced this action against the Darien Board of Education and ten of its employees, the Town of Darien [collectively "the Darien Defendants"], Ingrid Aarons, Program Manager of the Norwalk Office of the Department of Children and Families ["DCF"], and Joette Katz, Commissioner of DCF [collectively "the DCF Defendants"], arising out of alleged sexual abuse during the 2009-10 school year while plaintiff John Doe attended Tokeneke Elementary School, and alleged physical abuse and retaliation during the 2010-11 school year while John Doe was attending Middlesex Middle School.  (Dkt. #1; see also Dkts. ##2-4).  Plaintiffs filed their First Amended Complaint on December 28, 2011, followed by a Second Amended Complaint filed on September 7, 2012.  (Dkts. ##28, 128; see also Dkts. ##24-25, 48,55-56, 124).  On September 17, 2012, U.S. District Judge Janet Bond Arterton filed her Ruling on Defendants' Motions to Dismiss (Dkt. #132), in which she granted the Motion to Dismiss filed by the DCF Defendants, but denied the Motion to Dismiss filed by the Darien Defendants.  12 WL 4092662.

On May 17, 2012, Judge Arterton referred this file to this Magistrate Judge for all discovery matters.  (Dkt. #80).  Familiarity is presumed with this Magistrate Judge's Ruling on Plaintiff's Motion for Order and Protective Order Relating to Discovery, filed May 30, 2012

(Dkt. #83)["May 2012 Ruling"], Ruling Following <u>In Camera</u> Review, filed June 20, 2012 (Dkt. #85), and Supplemental Ruling Following <u>In Camera</u> Review, filed July 10, 2012 (Dkt. #89),[1] and Ruling on Too Many Pending Discovery Motions, filed September 14, 2012 (Dkt. #130)["September 2012 Ruling"], 2012 WL 4056737, with respect to ten pending discovery motions.  (<u>See also</u> Dkts. ##135-36).  Under the September 2012 Ruling, all discovery is to be completed by September 20, 2013, and a pre-filing conference must be held before Judge Arterton in October 2013 with respect to all dispositive motions.  (<u>See also</u> Dkts. ##36, 81, 84).

On September 5, 2012, plaintiffs filed the pending Motion to Compel Responses to Motion for Disclosure and Production from Darien Defendants (Dkt. #121),[2] as to which the Darien Defendants filed their brief in opposition on October 19, 2012.  (Dkt. #146[3]; <u>see also</u> Dkt. #142).  On November 13, 2012, plaintiffs filed their reply brief.  (Dkt. #149[4]; <u>see also</u> Dkts. ##147-48).

For the reasons stated below, plaintiffs' Motion to Compel (Dkt. #121) is <u>granted in part and denied in part</u>.

---

[1]Plaintiffs have filed Objections to the June and July 2012 discovery rulings.  (Dkts. ##87, 91, 95).

[2]The following seven exhibits are attached: copy of Plaintiffs' Interrogatories and Requests for Disclosure and Production, dated February 24, 2012 (Exh. A); copy of the Darien Defendants' Responses to Plaintiffs' Interrogatories and Requests for Production, dated March 23, 2012 (Exh. B); copy of correspondence between counsel, dated July 16, 2012 (Exh. C); copies of e-mail correspondence between counsel, dated July 16 and August 13, 2012 (Exhs. D-E); declaration of plaintiff's counsel, dated September 5, 2012 (Exh. F); and copies of redacted documents provided by defendants, filed under seal (Exh. G; <u>see also</u> Dkts. ##122, 125, 131).

[3]Two exhibits are attached: copies of correspondence between counsel, dated September 17 and 26, 2012.

[4]Attached as Exh. A is a copy of the Darien Defendants' Responses to Plaintiffs' Interrogatories and Requests for Production, dated October 18, 2012.

I. DISCUSSION

In their original brief, plaintiffs sought a court order to compel responses to forty-seven discovery requests: Interrogatories Nos. 1, 3, and 5-14, and Requests for Production Nos. 1, 3-7, 9, 11-27, 33-34, 39-42, 44-45, 49-50 and 52. (Dkt. #121, Brief at 4-45). The Darien Defendants served their supplemental responses on October 18, 2012, so in their brief in opposition, filed the next day, they contend that only ten discovery matters remain in dispute: Interrogatories Nos. 6, 8 and 10, and Requests for Production Nos. 3, 15, 18, 20, 22, 39 and 40. (Dkt. #146, 3-7; Dkt. #149, Exh. A). In their reply brief, however, plaintiffs argue that nineteen discovery requests are at dispute: Interrogatory No. 6, and Requests for Production Nos. 3, 8, 9, 10, 11, 15, 18, 20, 22, 23, 25, 39, 40, 46, 47, 48, 50 and 51. (Dkt. #149, at 6-15).[5] In the interests of completeness, this Ruling will address all twenty-one discovery requests discussed in the two latest briefs.

Interrogatory No. 6 – The Darien Defendants' stipulation that they received federal funds from 2009 through 2011 is sufficient, and no further answer is required. (Dkt. #121, Brief at 7 & Exhs. B-C; Dkt. #146, at 3 & Exhs; Dkt. #149, at 6-7 & Exh. A).

Interrogatory No. 8 – This discovery request largely has been rendered moot by the dismissal of the DCF Defendants, defense counsel has represented that "there are no formal agreements relating to how the case will be defended[,]" and in any event, this information is protected by the attorney-client privilege. (Dkt. #121, Brief at 8-9 & Exhs. B-C; Dkt. #146, at 3-4 & Exhs.; Dkt. #149, Exh. A).

Interrogatory No. 10 – Despite their objection, the Darien Defendants have agreed to identify all employees who witnessed either defendant Ruospo and/or Hasak engage in

---

[5]This inability to agree on what the parties disagree on is symbolic of the extreme problems with discovery in this case.

conduct that said employee believed constituted abuse or neglect that would be reportable pursuant to CONN. GEN. STAT. § 17a-101.  Such response is sufficient, with which plaintiffs agree.  (Dkt. #121, Brief at 10 & Exhs. B-C; Dkt. #146, at 4-5 & Exhs; Dkt. #149, Exh. A).

Request for Production No. 3 – The Darien Defendants appropriately have agreed to produce copies of all policies and procedures from the 2009-10 and 2010-11 school years that relate to reporting abuse, and disciplining and restraining students; plaintiffs' requests for "all" policies, procedures and regulations for those years is excessive and unreasonable.  Plaintiff has listed nine "series" of policies that are on the Darien Public Schools' website; if the Darien Defendants have not already done so, they shall produce copies of Series 9400 (Development of Board Policy), Series 9530 (Insurance), Series 5000 (Policies related to Students, including, but not limited to, discipline, bullying, abuse and neglect); Series 5700 (non-discrimination); and Series 4000 (Reports of Suspected Abuse or Neglect of Children); and Series 9200 (Responsibilities and organization of the Board), **on or before December 7, 2012**.[6]  (Dkt. #121, Brief at 12-13 & Exhs. B-C; Dkt. #146, at 5 & Exhs; Dkt. #149, at 7-8 & Exh. A).

Request for Production Nos. 8 and 10[7] – The Darien Defendants originally responded that they would provide the requested information, namely a copy of all investigations conducted by defendants' insurance carriers, by April 24, 2012, but then in their supplemental responses, simply answered "N/A."  Plaintiffs are entitled, at the outset, to a clarification whether or not any such investigations occurred.  (Dkt. #121, Exh. B; Dkt. #149, at 9 & Exh. A).  The Darien Defendants shall respond **on or before December 7, 2012**.

---

[6]This ruling does not address Series 9120 because there was no description of it in plaintiffs' reply brief.  (Dkt. #149, at 7-8).

[7]These discovery requests were not addressed in plaintiffs' original brief.

Request for Production Nos. 9, 23 and 25 – While the Darien Defendants contend that they have fully complied with this request, plaintiffs seek documents that concern the one incident described in the supplemental response to Interrogatory No. 10. (Dkt. #121, Brief at 14-16, 24-26, 29-31 & Exhs. B-C; Dkt. #149, at 9 & Exh. A). The Darien Defendants shall comply, consistent with the prior discovery rulings, **on or before December 7, 2012**.

Request for Production No. 11 – In their original response, the Darien Defendants represented that they would produce a complete copy of defendant Hasak's personnel file and disciplinary record, excluding only his Social Security number, tax information, medical information, family medical information, telephone numbers, and information relating to personal family finances; in their supplemental response, they indicated that they have provided the appropriate files to plaintiffs. Thus, no further production is necessary, unless the Darien Defendants have failed to produce the files and records that they promised. (Dkt. #121, Brief at 16 & Exhs. B-C; Dkt. #149, at 9-10 & Exh. A).

Request for Production No. 15 – In their original response, the Darien Defendants represented that they would produce a copy of all documents and information stored on computer received from or sent to employees of DCF from January 1, 2008 to the present involving plaintiff John Doe; in the supplemental response, they indicated that they have provided the appropriate files to plaintiffs. In their brief in opposition, they object to providing any information after plaintiff John Doe left the Darien Public School System. That restriction is not appropriate, however, because documents could have been exchanged after plaintiff John Doe's departure that would still be relevant here; the appropriate cut-off point is the date that this lawsuit was filed, namely October 14, 2011. In their reply brief, plaintiffs raise the additional objection that production should not be limited only to plaintiff John Doe,

relying on the May 2012 Ruling.  The May 2012 Ruling required the DCF Defendants to serve a supplemental response, in which they were to inform plaintiffs by June 13, 2012 whether they have records of any allegations of abuse or neglect by defendants Hasak or Ruospo other than those made by plaintiffs here; the DCF Defendants served their Supplemental Response, dated June 8, 2012, that they were "unable to discover any such records."

Thus, **on or before December 7, 2012**, the Darien Defendants shall provide all documents relevant to this discovery request, with respect to plaintiff John Doe, through October 14, 2011; if there are any relevant documents related to students other than John Doe for which defendants seek in camera review, copies shall be provided to this Magistrate Judge's Chambers, **on or before December 3, 2012**.  (Dkt. #121, Brief at 18-20 & Exhs. B-C; Dkt. #146, at 5-6 & Exhs; Dkt. #149, at 10-12 & Exh. A).

Request for Production No. 18 – The Darien Defendants are correct that this request is redundant, as all relevant documents have been covered by other requests.   Thus, no further production is necessary, unless the Darien Defendants have failed to produce the files and records that they promised.  (Dkt. #121, Brief at 16 & Exhs. B-C; Dkt. #146, at 6; Dkt. #149, at 9-10 & Exh. A).

Request for Production No. 20 – This request is identical to Request for Production No. 11, except that it pertains to defendant Ruospo, instead of defendant Hasak; the Darien Defendants have agreed to make the same production.  Thus, no further production is necessary, unless the Darien Defendants have failed to produce the files and records that they promised.  (Dkt. #121, Brief at 20-21 & Exhs. B-C; Dkt. #146, at 6-7 & Exhs.; Dkt. #149, at 12-13 & Exh. A).

Request for Production No. 22 – This request is redundant, as all relevant documents

have been covered by other requests. Thus, no further production is necessary, unless the Darien Defendants have failed to produce the files and records that they promised. (Dkt. #121, Brief at 22-24 & Exhs. B-C; Dkt. #146, at 6-7; Dkt. #149, at 12-13 & Exh. A).

Request for Production No. 39 – In their original response, the Darien Defendants represented that they would produce a copy of all communications between the Child Guidance Center and the Darien Defendants relating to any alleged abuse by defendants Hasak and/or Ruospo for the years 2009 through 2011 involving plaintiff John Doe; in their supplemental response, they indicate that they have complied. (Dkt. #149, Exh. A). Plaintiffs, however, sought these records for the past ten years and for students other than John Doe; the Darien Defendants further argue that the cut-off should be when plaintiff John Doe left the Darien School system; in their reply brief, plaintiffs agreed to the time period of January 1, 2008 through the present.

Consistent with other requests addressed here, **on or before December 7, 2012**, the Darien Defendants shall provide all documents relevant to this discovery request, with respect to plaintiff John Doe, through October 14, 2011; if there are any relevant documents related to students other than John Doe for which defendants seek an in camera review, copies shall be provided to this Magistrate Judge's Chambers **on or before December 3, 2012**. (Dkt. #121, Brief at 34-36 & Exhs. B-C; Dkt. #146, at 5-6 & Exhs; Dkt. #149, at 10-12, 13-14 & Exh. A).[8]

Request for Production No. 40 – In their original response, the Darien Defendants represented that they would produce a copy of documents and communications between DCF and the Darien Defendants from January 1, 2002 to the present relating to any

---

[8]Plaintiffs addressed Request for Production No. 39 in two different sections of their reply brief.

communications involving plaintiff John Doe; in their supplemental response, they indicate that they have complied. Plaintiffs seek these records for students other than John Doe; the Darien Defendants further argue that the cut-off should be when plaintiff John Doe left the Darien School system; in their reply brief, plaintiffs agreed to the time period of January 1, 2008 through the present.

Consistent with other requests addressed here, **on or before December 7, 2012**, the Darien Defendants shall provide all documents relevant to this discovery request, with respect to plaintiff John Doe, through October 14, 2011; no other documents need be produced, since plaintiffs' request here is far too open-ended, as it is not limited to just the individual defendants named here, but rather any interaction with DCF, even those that are totally unrelated. (Dkt. #121, Brief at 36-37 & Exhs. B-C; Dkt. #146, at 5-6 & Exhs; Dkt. #149, at 10-12, 13-14 & Exh. A).[9]

Requests for Production Nos. 46-47[10] – While the Darien Defendants have provided copies of all the training received by the individual defendants relating to the reporting and investigation of allegations of student abuse, including students with severe intellectual and communication disabilities, they apparently did not "itemize" the training received by each defendant. Accordingly, **on or before December 7, 2012**, the Darien Defendants shall provide the additional information sought by plaintiffs, if such information is available. (Dkt. #121, Exh. B; Dkt. #149, at 14 & Exh. A).

Request for Production No. 48[11] – The Darien Defendants apparently have provided

---

[9] Plaintiffs also discussed Request for Production No. 40 in two different sections of their reply brief.

[10] These discovery requests were not addressed in plaintiff's original brief.

[11] This discovery request also was not addressed in plaintiff's original brief.

copies of any student or parent handbooks in effect during the 2008-09 and 2009-10 school years; the request did seek out "any description" of these documents, so no further production is required.  (Dkt. #121, Exh. B; Dkt. #149, at 14 & Exh. A).

Request for Production No. 50 – In their original response, the Darien Defendants represented that they would produce the requested e-mails for the years 2009 through 2011, and in their supplemental response, they represent that they have complied.  Therefore, no further production is necessary.  (Dkt. #121, Brief at 43-44 & Exhs. B-C; Dkt. #149, at 13-14 & Exh. A).

Request for Production No. 51[12] – To the extent that the seclusion reports signed by Marin have not been produced, the Darien Defendants shall do so **on and before December 7, 2012**.  (Dkt. #121, Exh. B; Dkt. #149, at 15 & Exh. A).

Failure of Individual Defendants to Sign Under Oath – The individual defendants shall respond under oath, **on or before December 7, 2012**.  (Dkt. #149, at 3-4 & Exh. A).

Alleged non-compliance with Rule 33 – Given the overbreadth of the discovery sought by plaintiffs, this argument has no merit here.  (Dkt. #149, at 4-5).

Plaintiffs' Objections to Defendants' Redactions – Of the redactions in Exhibit G, many of them are redacted addresses or telephone numbers; plaintiffs' counsel is probably able to ascertain those by simply going on the Internet.  If plaintiffs' counsel later demonstrates sufficient good cause why he needs these addresses or telephone numbers, he may renew this request.  Certain other redactions, are more difficult to decipher.  Therefore, **on or before December 3, 2012**, defense counsel shall forward to this Magistrate Judge's Chambers unredacted copies of pages 15, 17, 19-23, 25-28, 30, 32-34, 36, 38-42, 44-47, 49,

---

[12]This discovery request also was not addressed in plaintiffs' original brief.

51-56, 58-61, 63, 65, 67, 69-70, 72, 74 and 77  for the Magistrate Judge's <u>in camera</u> review.[13]  (Dkt. #149, at 5).

## II.  CONCLUSION

Accordingly, for the reasons stated above, plaintiffs' Motion to Compel (Dkt. #121) is <u>granted in part and denied in part with respect to Requests for Production Nos. 3, 8, 9, 10, 15, 23, 25, 39, 40, 46-47 and 51, and is denied with respect to Interrogatories Nos. 6, 8 and 10, and Requests for Production Nos. 11, 18, 20, 22, 48 and 50.</u>

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**[14]

---

[13]Some of these pages are duplicative – only one unredacted copy is necessary.

[14]As the September 2012 Ruling lamented:

> Suffice it to say, this case has <u>not</u> been a template of how discovery ought to be conducted in federal court.  There have been too many discovery motions filed in a relatively short period of time, most of the motions were useless, repetitive, and unnecessary, and all of this turmoil easily could have been avoided if counsel simply spoke with one another, an unfortunately novel form of communication these days.

2012 WL 405737, at *5, n.15. Defendants' Status Reports, filed November 14, 2012, contemplate defendants filing Motions to Compel.  (Dkts. ##150-51).   This Magistrate Judge will rule on these

Dated at New Haven, Connecticut, this 19th day of November, 2012.

    /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

last discovery motions, after which a Special Master **will** be appointed, particularly if counsel engage in disruptive behavior at the multiple depositions that are contemplated.  See id. ("If counsel do not succeed in improving their communication skills and in cooperating with one another in discovery, but instead impulsively resort to filing another onslaught of discovery motions, the Magistrate Judge will not hesitate to appoint a Special Master to oversee discovery, **at the parties' expense**.  This federal court is too overburdened to devote a disproportionate share of time to supervising discovery in one case.")(emphasis in original).

    As offered before, if counsel believe that a settlement conference before this Magistrate Judge would be productive, they should contact Chambers accordingly.