UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
                                                 :
JOHN DOE ET AL.                 :
                                               :         3:11 CV 1581 (JBA)
v.                                      :
                                               :
DARIEN BOARD OF EDUCATION ET AL.  :        FEBRUARY 26, 2013
                                             :
------------------------------------------------------x

ORDER REGARDING SPECIAL MASTER TO SUPERVISE DISCOVERY

On October 14, 2011, plaintiffs John Doe and his parents, Mr. and Mrs. Robert Doe, commenced this action against the Darien Board of Education and ten of its employees, the Town of Darien [collectively "the Darien Defendants"], Ingrid Aarons, Program Manager of the Norwalk Office of the Department of Children and Families ["DCF"], and Joette Katz, Commissioner of DCF [collectively "the DCF Defendants"], arising out of alleged sexual abuse during the 2009-10 school year while plaintiff John Doe attended Tokeneke Elementary School, and alleged physical abuse and retaliation during the 2010-11 school year while John Doe was attending Middlesex Middle School. (Dkt. #1; see also Dkts. ##2-4). Plaintiffs filed their First Amended Complaint on December 28, 2011, followed by a Second Amended Complaint filed on September 7, 2012. (Dkts. ##28, 128; see also Dkts. ##24-25, 48, 55-56, 124). On September 17, 2012, U.S. District Judge Janet Bond Arterton filed her Ruling on Defendants' Motions to Dismiss (Dkt. #132), in which she granted the Motion to Dismiss filed by the DCF Defendants, but denied the Motion to Dismiss filed by the Darien Defendants. 2012 WL 4092662.

On May 17, 2012, Judge Arterton referred this file to this Magistrate Judge for all discovery matters. (Dkt. #80). Familiarity is presumed with this Magistrate Judge's Ruling on Plaintiff's Motion for Order and Protective Order Relating to Discovery, filed May 30, 2012

(Dkt. #83), Ruling Following In Camera Review, filed June 20, 2012 (Dkt. #85), Supplemental Ruling Following In Camera Review, filed July 10, 2012 (Dkt. #89),[1] Ruling on Too Many Pending Discovery Motions, filed September 14, 2012 (Dkt. #130)["September 2012 Ruling"], 2012 WL 4056737, with respect to ten pending discovery motions, Ruling on Plaintiffs' Motion to Compel, filed November 19, 2012 (Dkt. #152)["November 2012 Ruling"], and Ruling Following In Camera Review, filed December 5, 2012 (Dkt. # 153. See also Dkts. ##135-36). Under the latest scheduling order, all discovery is to be completed by December 20, 2013, and all dispositive motions are to be filed by January 20, 2014, following a pre-filing conference to be held before Judge Arterton. (Dkt. #157).

For two glorious months, there were actually no discovery motions pending in this case. However, commencing on February 7, 2013, and within a two-week period, there are now five pending discovery motions, namely: (1) dismissed defendant Ingrid Aarons' Motion to Quash Subpoena and for Protective Order, filed February 7, 2013 (Dkt. #158); (2) the Darien Defendants' Motion for Protective Order, filed February 8, 2012 (Dkt. #160), as to which plaintiffs have filed their brief in opposition on February 22, 2013 (Dkt. #165); (3) the Darien Defendants' Motion to Limit Discovery Pursuant to FED. R. CIV. P. 1 and 26(b)(2)(c), filed February 19, 2013 (Dkt. #161); (4) the Darien Defendants' Motion to Compel, filed February 20, 2013 (Dkt. #162); and (5) plaintiff's Motion to Compel, filed February 22, 2013. (Dkt. #163).[2]

As the September 2012 Ruling noted:

---

[1]Plaintiffs have filed Objections to the June and July 2012 discovery rulings. (Dkts. ##87, 91, 95).

[2]Plaintiffs' Motions to Seal (Dkts. ##164, 166) have been granted by this Magistrate Judge. (Dkts. ##167 -68).

>Suffice it to say, this case has <u>not</u> been a template of how discovery ought to be conducted in federal court.  There have been too many discovery motions filed in a relatively short period of time, most of the motions were useless, repetitive, and unnecessary, and all of this turmoil easily could have been avoided if counsel simply spoke with one another, an unfortunately novel form of communication these days.
>
>[The discovery deadline has been extended] until . . . another year from now.  If counsel do not succeed in improving their communication skills and in cooperating with one another in discovery, but instead impulsively resort to filing another onslaught of discovery motions, the Magistrate Judge will not hesitate to appoint a Special Master to oversee discovery, **at the parties' expense**.  This federal court is too overburdened to devote a disproportionate share of time to supervising discovery in one case.

2012 WL 4056737, at *5, n.15 (emphasis in original).

The November 2012 Ruling similarly noted that this Magistrate Judge would rule on the two last pending discovery motions, "after which a Special Master **will** be appointed, particularly if counsel engage in disruptive behavior at the multiple depositions that are contemplated."  (At 10, n.14)(emphasis in original & citation omitted).

Given the recent avalanche of new discovery motions, all filed within a mere two-week period, the Magistrate Judge now appoints a Special Master to supervise discovery, pursuant to Fed. R. Civ. P. 53(a)(1)(C), in that the discovery in this case literally could consume one judicial officer on nearly a full-time basis.  If counsel are unable to agree on a suitable candidate for appointment, then **on or before March 11, 2013**, each side shall submit the names, addresses, and telephone numbers of no more than two attorneys, with whom they have consulted and who are willing to serve as a discovery Special Master in this case.  See Fed. R. Civ. P. 53(b)(1).  At the conclusion of discovery on December 20, 2013, upon the recommendation of the Special Master, the Magistrate Judge will "allocate payment among the parties considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference

to a master." FED. R. CIV. P. 53(g)(2)(A), (3).  Interim payments also will be considered under FED. R. CIV. P. 53(g)(3).  See, e.g., Perez v. Carey Int'l, Inc., 373 Fed. Appx. 907, 914 (11th Cir.), cert. denied, 131 S. Ct. 480 (2010); Baldwin v. United States, No. 11-CV-2033-MSK-KLM, 2013 WL 500407, at *5 (D. Colo. Feb. 11, 2013);  Baldwin v. United States, No. 11-CV-2033-MSK-KLM, 2012 WL 7051296, at *3 (D. Colo. Sept. 12, 2012); Satyam Computer Servs, Ltd. v. Venture Global Eng'g, LLC, No. 06-CV-50351-DT, 2007 WL 1806198, at *4 (E.D. Mich. June 21, 2007); Evolution, Inc. v. Suntrust Bank, No. 01-2409-CM-DJW, 2004 WL 2278559, at *5 (D. Kan. Sept. 29, 2004).

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 26th day of February, 2013.


   /s/ Joan G. Margolis, USMJ  
Joan Glazer Margolis  
United States Magistrate Judge