UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
                                      :
JOHN DOE ET AL.                            :
                                      :          3:11 CV 1581 (JBA)
v.                                           :
                                      :
DARIEN BOARD OF EDUCATION ET AL.   :          MAY 14, 2013
                                      :
------------------------------------------------------x

<u>RULING ON PLAINTIFFS' MOTION TO AMEND COMPLAINT AND MOTION TO JOIN
ADDITIONAL PARTIES</u>

On October 14, 2011, plaintiff John Doe, through his parents Mr. and Mrs. Robert Doe, against defendants Darien Board of Education ["Defendant Board"], Town of Darien ["Defendant Town"], Robin Pavia, Melissa Bellino, Donald Fiftal, Stephen Falcone, Mary Lee Fisher, Nicole Ruospo, Marc Marin, Carleen Wood and John Woodring [collectively "the Darien Defendants"], Zachary Hasak, and Joette Katz and Ingrid Aaron [both collectively "the DCF Defendants"]. (Dkt. #1). The original complaint raised nine counts: violation of the Americans with Disabilities Act, 42 U.S.C. § 12132 <u>et seq.</u> ["ADA"] and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 by the Defendant Board (Count I); violation of Title IX, 20 U.S.C. § 1681(a) by the Defendant Board (Count II); violation of the ADA and Section 504 by Defendant DCF[1] (Count III); violation of due process by the Darien Defendants (except for the Defendant Town) and Hasak (Count IV); assault and battery by defendants Hasak and Ruospo (Count V); reckless and wanton conduct by defendants Hasak and Ruospo (Count VI); negligence against the Darien Defendants (except for the Defendant Town) and Hasak (Count VII); procedural due process against the DCF Defendants (Count VIII); and statutory liability under CONN. GEN. STAT. § 7-465 against Defendant Town (Count IX).

---

[1]DCF was not a defendant.

On December 28, 2011, plaintiffs filed their First Amended Complaint (Dkt. #28; see also Dkts. ##24-25), with the same first four counts, adding violation of procedural due process against defendant Fiftal and the Defendant Board (Count V), and then the remaining five counts (Counts VI through X).  On September 7, 2012, plaintiffs filed their Second Amended Complaint (Dkt. #128; see also Dkts. ##48-49, 124), which added defendant Falcone to Count V.  On September 17, 2012, U.S. District Judge Janet Bond Arterton filed her Ruling on Defendants' Motions to Dismiss, filed September 17, 2012 (Dkt. #132), 2012 WL 4092662, which granted the Motion to Dismiss filed by the DCF Defendants and denied the Motion to Dismiss filed by the Defendant Board.

The factual and procedural history behind this litigation has been set forth in considerable detail in Judge Arterton's Ruling, as well as the multiple discovery rulings issued by this Magistrate Judge,[2] namely the Ruling on Plaintiff's Motion for Order and Protective Order Relating to Discovery, filed May 30, 2012 (Dkt. #83), Ruling Following In Camera Review, filed June 20, 2012 (Dkt. #85), Supplemental Ruling Following In Camera Review, filed July 10, 2012 (Dkt. #89),[3] Ruling on Too Many Pending Discovery Motions, filed September 14, 2012 (Dkt. #130), 2012 WL 4056737, Ruling on Plaintiff's Motion to Compel, filed November 19, 2012 (Dkt. #152), 2012 WL 5845756, and Ruling Following In Camera Review, filed December 5, 2012 (Dkt. #153).[4]

---

[2]On May 17, 2012, Judge Arterton referred this file to this Magistrate Judge for all discovery matters.  (Dkt. #80).

[3]Plaintiffs have filed Objections to the June and July 2012 discovery rulings.  (Dkts. ##87, 91, 95).

[4]On March 28, 2013, the Court appointed former Connecticut Superior Court Judge Robert Holzberg to supervise discovery.  (Dkt. #196; see also Dkts. ##169, 181, 195).  Special Master Holzberg filed a ruling on three discovery motions on May 7, 2013 (Dkts. ##222-24), leaving five discovery motions pending before him at this time.  (See Dkts. ##158, 160-61, 202-03).

Under the latest scheduling order filed by this Magistrate Judge (Dkt. #211), all discovery is to be completed by April 21, 2014, and all dispositive motions are to be filed by May 20, 2014, following a pre-filing conference before Judge Arterton. (See also Dkts. ##36, 81, 84, 130, 142, 157).

On April 1, 2013, plaintiffs filed the pending Motion to Amend Complaint and brief in support (Dkt. #197),[5] and the next day, they filed the pending Motion to Join Additional Parties. (Dkt. #199). In these motions, plaintiffs seek to include two additional Board employees, Laura Conte and Andrea Cunha (¶¶ 14-15), to add new allegations against the Darien Defendants (failure of Conte and Cunha to report defendant Hasak (¶¶ 29-31, 68-69, 81), instructing staff not to discuss the matter with plaintiff Doe in October 2009, and reporting him to the Darien Police Department and suspending him in December 2009 for alleged contact with defendant Bellino (¶¶ 48-50), reassignment of plaintiff Doe to defendant Ruospo, who previously had been suspended (¶ 54), and an employee of the transportation company under contract with the Defendant Board having shouted and spit at plaintiff Doe (¶ 60)), and new claims for retaliation (Count II) and for reimbursement from the Town under CONN. GEN. STAT. § 10-235 (Count X), in addition to § 7-465, allegedly based upon information obtained during four deposition of the Defendant Board's employees, taken between January 22 and March 1, 2013, and based upon the suggestion of defense counsel.

---

[5]The following eight exhibits were attached: excerpts from deposition of Susan Atkinson, taken on February 1, 2013 (Exh. A); excerpts from deposition of Melissa Bellino, taken on January 25, 2013 (Exh. B); excerpts from deposition of Mary Lee Fisher, taken on February 11, 2013 (Exh. C); excerpts from deposition of Robin Lawlor Pavia, taken on March 1, 2013 (Exh. D); copy of Darien Police Department Report, for incident occurring and reported on October 15, 2009 (Exh. E); excerpts from deposition of Richard Colangelo, Jr., taken January 22, 2013 (Exh. F); copy of Professional Responsibility Form for Nicole Ruospo, dated March 24, 2010 (Exh. G); and copy of proposed Third Amended Complaint, dated April 1, 2013.

(Dkt. #197, at 2-4 & Brief, at 10; Dkt. #199, at 1-2 & Brief, at 3-4).[6] The proposed Third Amended Complaint now contains the following ten counts: violation of the ADA and Section 504 by the Defendant Board (Count I); retaliation under the ADA and Section 504 by the Defendant Board (Count II); violation of Title IX by the Defendant Board (Count III); violation of due process by the Darien Defendants (except for the Defendant Town) and Hasak (Count IV); violation of procedural due process by defendant Fiftal, defendant Falcone and the Defendant Board (Count V); assault and battery by defendants Hasak and Ruospo (Count VI); reckless and wanton conduct by defendants Hasak and Ruospo (Count VII); negligence against the Darien Defendants (except for the Defendant Town) and defendant Hasak (Count VIII); and statutory liability under CONN. GEN. STAT. §§ 7-465 and 10-235 against Defendant Town and Defendant Board (Counts IX and X, respectively).

Fourteen days later, on April 15, 2013, the Darien Defendants filed their brief in opposition (Dkt. #205)[7] and Appendix of Cases (Dkt. #207). On May 1, 2013, plaintiffs filed their reply brief. (Dkts. ##217, 221[8]; see also Dkts. ##215-16, 218-19).

---

[6]The Third Amended Complaint also deletes claims against the DCF Defendants, but plaintiffs reserve their right to appeal the dismissal of these claims. (Dkt. #197, at 5 & n.2).

[7]The following six exhibits were attached: a copy of the proposed Third Amended Complaint, dated April 1, 2013 (Dkt. #213, replacing Exh. A, but neither contain highlights of the changes); copy of correspondence between counsel, dated May 15, 2012, and photocopy of attached CD (Exh. B); copy of Mediation Agreement, dated April 22, 2010 (Exh. C); excerpts from deposition of Detective Chester Perkowski, taken on May 17, 2012 (Exh. D); another copy of the Darien Police Department Report, for an incident occurring and reported on October 15, 2009 (Exh. E); and copy of Interoffice Memo, dated October 25, 2011 of the Defendant Board (Exh. F).

[8]The following four exhibits were attached to Dkt. #217: copy of treatment notes, filed under seal (Exh. A); copies of Circular Letters, dated May 20, 2009 and November 3, 2000 from the State of Connecticut Department of Education (Exh. B); copy of Responses to Plaintiffs' Interrogatories and Requests for Production, dated October 18, 2012 from Defendant Board and Falcone (Exh. C); and another copy of Professional Responsibility Form for Nicole Ruospo, dated March 24, 2010 (Exh. D).

The following seventeen exhibits were filed under seal in Dkt. #221: treatment notes of Dr.

For the reasons stated below, plaintiffs' Motion to Amend Complaint (Dkt. #197) is <u>granted in part and denied in part</u>, and plaintiffs' Motion to Join Additional Parties (Dkt. # 199) is <u>granted</u>.

## I.  DISCUSSION

The Darien Defendants have no objection to the addition of Count X (Dkt. #205, at 4), and apparently have no objection to some clarifications found in ¶¶ 5, 7, 8, 20, 23, 24, 25, 29, 30, 33, 43.  (<u>See</u> Dkt. #217, at 1-2, n.1).  The Darien Defendant do object to the other changes on the following six grounds.  First, they argue that the changes are untimely, in that of the thirteen depositions taken to date and the nearly 20,000 pages of document production, virtually all of this "new" information was known to plaintiffs for nearly a year (except for the prior "nose pinching" incident with defendant Ruospo), specifically the allegations against Conte and Cunha, the do-not-discuss instruction, police complaint and suspension, the reassignment to defendant Ruospo, and the spitting incident. (Dkt. #205, at 5-14).  Second, the Darien Defendants argue that a number of plaintiffs' new allegations are foreclosed by the May 2010 Mediation Agreement. (<u>Id.</u> at 14-17  & Exh. D).  Third, the Darien Defendants argue that the three-year statute of limitation under CONN. GEN. STAT. § 52-584 bars the claims against Conte and Cunha, which arose in October-December 2009. (<u>Id.</u> at 17-20).  Fourth, the Darien Defendants argue that plaintiffs have failed to exhaust their administrative remedies under the ADA with respect to the new retaliation claims in Count II. (<u>Id.</u> at 20-22).  Fifth, the Darien Defendants argue that plaintiffs have failed to withdraw the indemnification claim against the Defendant Town, which now appears as Count IX. (<u>Id.</u> at 22-23).  And last, the Darien Defendants contend that they will be unduly

---

Cornelia L. Gallo (Exhs. A to A-16).

prejudiced if plaintiffs' motions are granted. (Id. at 23-25).

In contrast, plaintiffs argue that they were not aware of putative defendants Conte and Cunha's alleged misconduct until March 18, 2013, when their attorney received treatment notes from Dr. Cornelia Gallo, plaintiff's Doe treating psychiatrist, and in particular, her treatment notes of November 9, 2012 and March 6, 2013; they contend the same is true with respect to the do-not-discuss allegation, although they do not point out a specific date on which that was addressed in treatment. (Dkt. #217, at 8-9, 17). Plaintiffs further contend that they did not understand that plaintiff Doe's suspension in December 2009 was due to behavior that was the direct result of the sexual abuse at issue in this litigation and that a complaint had been made with the Darien Police Department, until the depositions of defendant Bellino and Atkinson on February 1, 2013 and of defendant Fisher on February 11, 2013. (Id. at 9-11, 13-14 & Dkt. #197, Exhs. A-C). Plaintiffs further argue that these new claims are not barred by the Mediation Agreement (Dkt. #217, at 12, 19-22), and there is no exhaustion requirement. (Id. at 12-13, 26-30). Plaintiffs also assert that they did not learn about the prior "nose pinching" incident by defendant Ruospo until they received a copy of her disciplinary file and until the deposition of defendant Pavia on March 1, 2013. (Id. at 15-17). As to the spitting incident, plaintiffs argue that they are only updating allegations that previously appeared in the Second Amended Complaint. (Id. at 17-18). Plaintiffs also assert that the Darien Defendants have failed to establish that the new claims are clearly frivolous or legally insufficient on their face. (Id. at 18-19). As to the issue of statute of limitations argue, plaintiffs counter that the governing statute is CONN. GEN. STAT. § 52-577d. (Id. at 22-26). Plaintiffs further posit that they may seek indemnification under both CONN. GEN. STAT. §§ 7-465 and 10-235 (id. at 30-33) and there is no undue prejudice

to defendants.  (Id. at 33-35).

Once again, counsel have managed to make the pretrial aspects of this lawsuit far more complicated than they need to be.

With respect to the allegations against putative defendants Conte and Cunha regarding the police report and suspension (¶¶ 48-49), defendants are quite correct that plaintiffs were aware of these claims upon receipt of the Darien Police Report, dated October 15, 2009, and in particular the sexual connotations of the contact, and in any event, plaintiffs were made fully aware of all the circumstances by no later than May 17, 2012, when Detective Chester Perkowski was deposed.  (Dkt. #205, at 9-10, 13-14 & Exhs. B, D-E).

Plaintiffs also seek to add claims with respect to having reassigned plaintiff Doe to defendant Ruospo, who previously had been disciplined for an incident involving another child (¶ 54); that incident concerned a non-communicative child who held her breathe for a "prolonged" period of time, at which time defendant Ruospo called the school nurse for assistance but the nurse did not respond; based upon what she recalled from prior training, defendant Ruospo pinched the girl's nose to force her to exhale, which frightened the child; defendant Ruospo was thereafter monitored for one month under a Professional Responsibility Form, the girl's mother did not seek any further discipline, other than to reassure defendant Ruospo that her daughter would start to breathe on her own, and DCF was never notified. (Dkt. #197, Exh. D, at 65-68, 71-77; Exh. G).  Defendant Ruospo's personnel file was disclosed to plaintiffs on May 15, 2012 (Dkt. #205, at 11-12 & Exh. B), and despite plaintiffs' arguments to the contrary (Dkt. #217, at 15-17), nothing in defendant Pavia's deposition, taken on March 1, 2013, materially enhances the information already provided in the Professional Responsibility Form.

Therefore, all these claims are untimely, and as a result, Count II fails.[9]

With respect to the spitting incident (¶ 60), while it is true this incident was disclosed to plaintiffs on May 15, 2012 and again in October 2012 (Dkt. #205, at 12-14, Exhs. B, F), plaintiffs are correct that this claim already appears in plaintiffs' Second Amended Complaint (¶ 57), although without the level of specificity appearing in ¶ 60 of the proposed Third Amended Complaint.  (Dkt. #217, at 17-18).

With respect to the allegations that putative defendants Conte and Cunha failed to report defendant Hasak and protect plaintiff Doe (¶¶ 29-31, 68-69, 81), the Darien Defendants contend that Conte and Cunha's names "appear all over the documents produced almost a year ago, and it is no mystery to . . . [p]laintiffs what their role . . .  was." (Dkt. #205, at 7)(footnote omitted).   However, in Dr. Gallo's treatment notes of March 6, 2013, plaintiff Doe stated that Conte had entered the classroom when plaintiff Doe was standing with his pants off, to which defendant Hasak reported that plaintiff Doe had wet his pants, at which point putative defendant Conte left the room, and defendant Bellino returned shortly thereafter to assist plaintiff Doe with his pants. (Dkt. # 217, at 8-9; Dkt. #221, Exh. A-16, at 46-47).  Although Dr. Gallo's treatment notes of November 9, 2012 are less clear, it appears that plaintiff Doe had reported to putative defendant Cunha that defendant Hasak had soiled a green rug with "shapes on it[,]" and putative defendant Cunha reported the matter to Ms. Schultz, who in turn contacted the school janitor to throw away this rug.  (Dkt. #217, at 8-9; Dkt. #221, Exh. A-16, at 5-6).  As such, the addition of these new claims is not untimely.

With respect to the statute of limitations, the law is well established in this district

---

[9]In light of this conclusion, there is no need to address the issues of the impact of the Mediation Agreement and exhaustion of administrative remedies.

and in the Connecticut state courts that CONN. GEN. STAT. § 52-577d "applies to all claims for damages for personal injury to a minor caused by sexual abuse, not just claims against the perpetrator." Doe v. Indian Mountain School, Inc., 921 F. Supp. 82, 83 (D. Conn. 1995)(multiple citations omitted)(Chatigny, J.); see also Nutt v. Norwich Roman Catholic Diocese, 921 F. Supp. 66, 71-72 (D. Conn. 1995)(Covello, J); Almonte v. New York Medical College, 851 F. Supp. 34, 37-39 (D. Conn. 1994)(Nevas, J.); Doe v. Burns, No. CV 030100215S, 2005 WL 2210320, at *7-8 (Conn. Super. Ct. July 19, 2005)(multiple citations omitted).

Insofar as the discovery deadline has been extended until April 21, 2014 (Dkt. #211), there is no undue prejudice to the Darien Defendants.

The Court is unable to rule on the Do-Not-Discuss allegations at this time for two reasons.  First, in their brief in opposition, the Darien Defendants refer to a report of the Child Study Team and depositions of team members as Exh. E (Dkt. #205, at 11); however, Exh. E is an entirely different document.[10]  Second, in their reply brief, plaintiffs refer to the treatment notes of Dr. Gallo (Dkt. #217, at 17), without identifying any specific date or dates on which this issue was discussed; insofar as the Dr. Gallo treatment notes are approximately two hundred pages long, and not terribly legible, plaintiffs need to point out specific dates or pages to the Court.  Therefore, **on or before May 20, 2013**, plaintiffs and the Darien Defendants must file supplemental materials with respect to this one issue.

Last, the Darien Defendants do not dispute the propriety of Count X, arising under CONN. GEN. STAT. § 10–235 (Dkt. #205, at 4), but they do object to the continuation of Count IX, under CONN. GEN. STAT. § 7-465.  (Id. at 4, 22-23).  This is not the appropriate procedural

---

[10]See note 7 supra.

context in which to address the viability of Count IX.

## II. CONCLUSION

Accordingly, for the reasons stated above, plaintiffs' Motion to Amend (Dkt. #197) is <u>granted with respect to ¶¶ 5, 7, 8, 20, 23, 24, 25, 29-31, 33, 43, 60, 68-69, 81 and Count X, and is denied with respect to ¶¶ 48-49, and Count II and Count IX.</u>[11] Plaintiffs' Motion to Join Additional Parties (Dkt. #199) is <u>granted</u>.  An Amended Complaint consistent with this ruling will be filed **on or before June 21, 2013**.[12]

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 14th day of May, 2013.

        /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[11]The issue regarding ¶ 50 remains open at this time.

[12]This deadline should allow sufficient time for a ruling with respect to ¶ 50.  <u>See</u> note 11 <u>supra</u>.