UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, by and through his Parents and next friends, Mr. & Mrs. Robert Doe; and MR. ROBERT DOE; MRS. ROBERT DOE,<br>    *Plaintiffs*,<br>    *v.*<br>DARIEN BOARD OF EDUCATION, ZACHARY HASAK, MELISSA BELLINO, and LAURA CONTE,<br>    *Defendants.* | Civil No. 3:11cv1581 (JBA)<br><br>June 23, 2015 |

**ENDORSEMENT ORDER**

Pursuant to the colloquy with counsel at the Pre-Trial Conference held in open court on June 19, 2015, the following is ordered:

1. Plaintiffs' Motion [Doc. # 379] in Limine is DENIED in part as MOOT on Defendants' representation that: they will not affirmatively raise the issue of Plaintiffs' assets, income or financial resources; they will not introduce evidence regarding the police investigation of and decision not to prosecute Mr. Hasak; they will not introduce evidence regarding Mr. Hasak's fiancée, except to state that he is engaged (name, gender, and occupation shall remain unspecified); and they will not introduce evidence regarding the lie detector tests taken by Mr. Hasak. The final part of Plaintiffs' motion, which seeks to exclude the expert testimony and report of Dr. Andrew Clark, shall remain under advisement pending further briefing by Plaintiffs.

2. Defendant Hasak's first Motion [Doc. # 376] in Limine is DENIED as MOOT on Plaintiffs' representation that they will not affirmatively introduce evidence regarding Mr. Hasak's past disciplinary record.

1

3. Defendant Hasak's second Motion [Doc. # 377] in Limine is DENIED as MOOT on Plaintiffs' representation that they do not intend to affirmatively introduce evidence related to Mr. Hasak's engagement of counsel and actions taken by his counsel.  To the extent the motion seeks to preclude evidence regarding Mr. Hasak's own response to the allegations against him, it is DENIED.

4. Defendant Hasak's Motion [Doc. ## 378, 391] for the Court to take judicial notice of certain literature identified by Defendant as authoritative is DENIED.

5. Defendants' first joint Motion [Doc. # 380] in Limine is DENIED as MOOT on Plaintiffs' representation that: Dr. Gallo will not offer an opinion as to whether Mr. Hasak in fact abused John or as to whether John is telling the truth about his alleged abuse or whether John should have been left alone with Mr. Hasak.

6. Defendants' second joint Motion [Doc. # 382] in Limine is DENIED.  For the reasons set out in the Court's Ruling [Doc. # 369] on Defendants' Motion for Summary Judgment, Mr. and Mrs. Doe and Dr. Gallo will be permitted to testify about what John told them about the alleged abuse, John's identification of Mr. Hasak as the abuser, and John's statements regarding notice to Ms. Bellino and Ms. Conte, and the SART interview transcript may be admitted for the same purposes.

7. Defendants' third joint Motion [Doc. # 383] in Limine is DENIED.  Plaintiffs have represented that Dr. Gallo will not opine about whether John is telling the truth about the alleged abuse, but she may testify about John's condition and its effect on his ability to tell the truth and understand the world around him.

8. Defendants' fourth joint Motion [Doc. # 384] in Limine is DENIED as MOOT on Plaintiffs' representation that they will not affirmatively offer evidence at trial that the Darien Board of Education paid Dr. Gallo to treat John Doe.

9. Defendants' fifth joint Motion [Doc. # 385] in Limine is DENIED as MOOT on Plaintiffs' representation that they will not affirmatively offer evidence regarding the use of physical restraints on and seclusion of John Doe under a prior individualized education program ("IEP"). Plaintiffs may offer evidence about the use of Room 213.

10. Defendants' sixth joint Motion [Doc. # 386] in Limine is partially DENIED as MOOT on Plaintiffs' representation that they will not affirmatively offer evidence: regarding whether the use of Room 213 violated school policies; or testimony from Dr. Sobsey, Dr. Blanchett, or Dr. Orelove. The remaining objections raised in the motion remain under advisement pending further briefing from Plaintiffs.

11. Defendants' seventh joint Motion [Doc. # 387] in Limine is DENIED. Plaintiffs may affirmatively elicit testimony from former defendants that they were formerly defendants in this case, but Defendants may then elicit why they are no longer defendants in the case.

12. Defendants' eighth and ninth joint Motions [Doc. ## 388, 392] in Limine remain under advisement pending further briefing by Plaintiffs.

The Court further orders:

1. Plaintiffs shall file supplemental briefing that: (1) addresses which witness's testimony is to be offered on the District's liability under Count I, relative to

whether or not they believed John's allegations; (2) responds to Defendants' sixth through eighth motions in limine; and (3) outlines their objections to Dr. Clark's testimony and report. Plaintiffs will file their brief and deliver a courtesy copy to the Court no later than June 23 at 12 p.m.

2. The parties will assemble a tabbed bench book of exhibits to be delivered to chambers by June 23 at 12 p.m.

3. The parties will narrow their objections to the exhibits designated by the opposing side to those which can and should be addressed pre-trial.

4. A second pre-trial conference will be held on Wednesday June 24, 2015 in Courtroom 3 at 10 a.m. The parties will be prepared to discuss the outstanding motions in limine, objections to exhibits, and proposed jury charges.

IT IS SO ORDERED.

\_\_\_\_/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 23rd day of June, 2015.