UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, by and through his Parents and next friends, Mr. & Mrs. Robert Doe; and MR. ROBERT DOE; MRS. ROBERT DOE,<br>    *Plaintiffs*,<br>    *v.*<br>DARIEN BOARD OF EDUCATION, ZACHARY HASAK, MELISSA BELLINO, and LAURA CONTE,<br>    *Defendants*. | Civil No. 3:11cv1581 (JBA)<br><br>June 29, 2015 |

**ENDORSEMENT ORDER**

Pursuant to the colloquy with counsel at the Pre-Trial Conference held in open court on June 24, 2015, the following is ordered:

1. Plaintiffs' Motion [Doc. # 379] in Limine is DENIED.

2. Plaintiffs' Motion [Doc. # 401] in Limine is DENIED without prejudice to renew at trial. Defendants claim relevance for three purposes: (1) showing that he exhibited similar behavior before the alleged abuse (to rebut Plaintiffs' evidence that John exhibited different behaviors after the alleged abuse); (2) showing John's bad behavior prior to the alleged abuse (to rebut Plaintiffs' evidence that his behavior worsened after the alleged abuse); and (3) illustrating the manifestations of John's condition by his prior projection or attributional behavior. Determinations of admissibility of evidence related to any of these purposes will be made at trial.

3. Defendants' Motion [Doc. # 386] in Limine is DENIED in part and GRANTED in part. Plaintiffs may elicit testimony of the fact that Mr. Hasak is Ms. Pavia's nephew. Plaintiffs may elicit background testimony about Mr. Hasak's

1

qualifications. Plaintiffs may introduce evidence of John's aggression toward Ms. Bellino after the date of the alleged abuse. No evidence of Darien Police Department investigations of John's suspension will be offered. Defendants' objection to the testimony of Ms. Matthews is moot on Plaintiffs' representation that they do not intend to call her as a witness. Defendants' objection to the testimony of Ms. Pote is denied on Plaintiffs' representation that Ms. Pote's testimony is relevant to Ms. Bellino's bias. The parties' stipulation regarding Defendants' promise to videotape the October 15, 2009 interview of John will be submitted by **June 29, 2015**. Defendants' objection to the admission of IEPs from years prior to 2009 is overruled on Plaintiffs' representation that they will introduce only sections that discuss John's levels of performance before the alleged abuse.

4. Defendants' Motion [Doc. # 388] in Limine is DENIED as MOOT in part and otherwise remains under advisement, on Plaintiffs' representation that they will not call Dr. Golonka as a witness. The parties shall submit additional briefing by **June 29, 2015** regarding Rule 701 opinions by Breese Tomick and Carol Smith-Harker on their perceptions of John's credibility at the SART interview.

5. Defendants' Motion [Doc. # 392] in Limine is DENIED in part and GRANTED in part. Plaintiffs may elicit testimony regarding: the fact that Mr. Hasak is Ms. Pavia's nephew; the supervision of Mr. Hasak; and the school's policies about paraprofessionals being alone with students. Plaintiffs may not elicit testimony about how well trained staff felt, John's suspension and reports to the police in late 2009. Counsel agree that no witness may be asked whether they believe the

alleged abuse occurred.  Witnesses may testify about John's ability to tell the truth and about what factors are used in determining credibility of a child with John's condition.  Plaintiffs may introduce Ms. Pavia's testimony about John's believability (that she had never "heard him . . . recite something more than once . . . without mixing up what was currently happening in school with something that happened elsewhere." (Pavia Dep., Ex. B to Pls.' 56(a)2 at 116)).

The Court further orders:

1. Defendants' objections to the following Plaintiffs' exhibits are OVERRULED: Plaintiffs' Exhibits 3, 4, 5, 6, 7, 8, 9, 11, 13, 15, 18, 22, 31, 56, and 66.

2. Defendants' objections to Plaintiffs' Exhibits 34 and 54 are OVERRULED, if Plaintiffs lay a proper foundation for their admission as business records.

3. Defendants' objection to Plaintiffs' Exhibit 55 is OVERRULED on Plaintiffs' representation that the exhibit is offered for showing John's behavior only.

4. Defendants' objections to Plaintiffs' Exhibits 62, 63, and 64 are OVERRULED without prejudice to renew at trial.

5. Plaintiffs withdraw the following exhibits: Exhibits 19, 51, 53, 48, 49, and 50.

6. Defendants' objections to the following Plaintiffs' exhibits are SUSTAINED: Plaintiffs' Exhibits 30, 32 37, 38, 39, and 42.

7. Defendants' remaining objections to Plaintiffs' exhibits will be ruled on at trial.

8. Plaintiffs' objections to Defendants' exhibits will be ruled on at trial.

9. The parties shall give opposing counsel 48 hours' notice of deposition designations.  Opposing counsel have 24 hours for filing objections.

10. Plaintiffs' oral motion under Rule 615 is granted. All witnesses shall be excluded from the courtroom prior to their own testimony, with the exception of expert witnesses, parties, and party representatives.

11. Plaintiffs shall forthwith file a sealed original complaint without pseudonyms.

12. Plaintiffs will advise the Court what shall be the full pseudonyms to be used by Mrs. Doe at trial.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of June, 2015.