UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, by and through his Parents and next friends, Mr. & Mrs. Robert Doe; and MR. ROBERT DOE; MRS. ROBERT DOE,<br>　　*Plaintiffs*,<br>　　　*v.*<br>DARIEN BOARD OF EDUCATION, ZACHARY HASAK, MELISSA BELLINO, and LAURA CONTE,<br>　　*Defendants*. | Civil No. 3:11cv1581 (JBA)<br><br>September 24, 2015 |

**RULING ON MOTIONS TO STAY AND TO AMEND**

On August 4, 2015, the jury in this case returned a verdict for Plaintiffs against Defendant Zachary Hasak for violations of John Doe's substantive due process rights. Defendant Hasak now seeks [Doc. # 465] a stay of execution of the judgment against him, pending the Court's ruling on his two motions for a new trial. Under Federal Rule of Civil Procedure 62(b), "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of" a Rule 59 motion. However, as Plaintiffs observe, Defendant here has not proposed appropriate terms for the opposing party's security. Thus, Defendant's Motion [Doc. # 465] to Stay Execution of Judgment is GRANTED, but that grant is conditioned on his posting a bond sufficient to satisfy the judgment against him.

Additionally, Plaintiffs seek [Doc. # 462] to amend their complaint. Under Federal Rule of Civil Procedure 15(b)(2), "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." Defendants object to Plaintiffs' proposed amendments to the extent that they include changes to Count III (the charge upon which the jury found Mr. Hasak to be liable), on the grounds that Plaintiffs are seeking "to change the nature of their substantive due

process claim from one predicated upon an assault . . . to one predicated on 'abuse.'" (Objection [Doc. # 469] at 3.) The Court disagrees. The evidence adduced at trial was not confined to evidence of assault or physical abuse; the allegations clearly included other forms of sexual abuse. Moreover, although Defendant Hasak has filed two motions for a new trial under Rule 59, neither motion is predicated on a claim of insufficient evidence.[1] Therefore, although judgment has already entered, the Court will permit Plaintiffs' amendments to their pleadings to conform them to the evidence. Plaintiffs' Motion [Doc. # 462] is GRANTED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 24th day of September, 2015.

---

[1] These motions will be discussed in a separate ruling.